[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence 3 August 1995 Date of Application 27 August 1995 Date Application Filed 28 August 1995 Date of Decision 26 March 1996
Application of review of sentence imposed by the Superior Court, Judicial District of Waterbury at Waterbury. Docket No. 95-233554.
Gregory St. John, Esq., for the Petitioner.
Terence Mariani, Esq., for the State of Connecticut.
BY THE DIVISION
The petitioner was convicted after a trial by jury ofCarrying a Pistol Without a Permit in violation of Conn. Gen. Stat. 29-35 and Possession of a Weapon in a Motor Vehicle in violation of Conn. Gen. Stat. 29-38. The court imposed a sentence of three years to serve on the carrying a pistol without a permit count and three years to serve on the possession of a weapon in a motor vehicle count. The sentences were to be served concurrent to each other for a total effective sentence of three years to serve. However the three year sentence was to run consecutive to the sentence he was serving at the time of imposition.
The record shows that the petitioner was walking around with a loaded pistol, and an extra clip on his person. The petitioner at the time of the offense was unlicensed, under age and as the CT Page 1598-A state's attorney stated "he was up to no good."
Counsel for the petitioner noted that his client was on probation at the time of these offenses, and that the petitioner waived his right to a pre-sentence interview. He emphasized that his client was an intelligent person who had graduated from high school and since he was brought up in an urban environment he failed to utilize that innate intelligence. Counsel felt that the petitioner was being punished for exercising his constitutional right to trial. Counsel asked the panel to impose a maximum sentence of one year for these offenses.
Petitioner addressed the panel asking for some leniency and requested that the three year sentence run concurrent.
The attorney for the state noted that at the time of sentencing the petitioner was already a convicted felon. He felt that the petitioner took the stand in his trial and lied to the jury. Counsel argued that the trial judge had all of the same facts before him, and that this is a very serious offense that could have merited the petitioner receiving a maximum of ten years. Indicating that the type of offense that the petitioner committed is one of the most serious offenses in the town Waterbury the state's attorney urged this panel to increase the sentence to five years, a time that he thought was more appropriate for the crimes committed.
We note the remarks of the trial court in which he noted that he heard all of the facts in the case, and that the petitioner "totally disregarded the opportunities that he apparently had achieved in school . . ." The court went on to note that it found no excuse for the petitioner's conduct and it imposed the sentence in an effort to deter similar conduct in the community. This Division in considering the crimes committed, and reviewing the sentence imposed in accordance with Practice Book Section 942, finds the sentence to be neither inappropriate nor disproportionate. The sentence is AFFIRMED.
Norko, J.
Klaczak, J.
Stanley, J.
Norko, J., Klaczak, J., and Stanley, J., participated in this CT Page 1598-B decision.